# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EUGENE BRANDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 12-3049-CV-S-RED-P |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Eugene Brandon, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 27, 2012, seeking to challenge his 2007 convictions and sentences for one count of second degree drug trafficking and two counts of possession of a controlled substance with intent to distribute, which were entered in the Circuit Court of Greene County, Missouri.

The petition raises three grounds for relief: (1) that trial counsel was ineffective for failing to properly object and preserve an issue for appeal; (2) that the State if Missouri denied petitioner his right to a speedy trial; and (3) that the State court fact-finding is clearly wrong and unsupported by the record. Respondent contends that all grounds are either procedurally defaulted or without merit.

**SUMMARY OF THE FACTS**

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> Viewing the evidence in the light most favorable to the trial court's judgment, **State v. Potter**, 72 S.W.3d 307, 310 (Mo. App. 2002), the record reveals that on July 29, 2003, the Springfield Police Department along with a special response team led by Officer Josh McCain ("Officer McCain") executed a search warrant on a mobile home occupied by [petitioner]. [Petitioner] was the sole occupant of

the home when the officers arrived and he was made to sit at the kitchen table as the home was being searched for narcotics.

Officer McCain began searching a bedroom at the west end of the mobile home. Officer McCain testified that upon entering the room, he immediately saw a digital scale on top of a dresser and a small bag of marijuana on the nightstand next to the bed. Under the bed, he located an "assault-type rifle" and near the bed he located a "piece of broken antenna that was converted into a crack pipe." Inside the bedroom closet, Officer McCain found a fireproof, "2 foot square" safe which was closed and locked. Not being able to access the contents of the safe, Officer McCain "went to the kitchen, and there was a set of keys on the table in front of [petitioner]. One key appeared to be a safe key." Officer McCain "asked [petitioner] if it was a safe key, and he said yes." Officer McCain then used the key to open the safe. The safe, which was emitting a strong odor of marijuana, contained the following items: seven baggies containing more than a "user level" of marijuana with a total weight of 148.47 grams; "just over $2,650" in cash; and an unlocked, black lock box. Officer McCain opened the black lock box and discovered it contained four bags of a white substance that tested positive as cocaine and weighed a total of 78.32 grams, which, according to Officer McCain, is a "distribution" amount of cocaine. n.3

> n.3 Two of the four bags contained cocaine in a "rocklike" form known as "cocaine base" and two of the bags contained cocaine in a powder form known as "cocaine salt." Additionally, one of the bags contained twenty-six smaller bags packaged for sale.

He also discovered in the lock box a Missouri non-driver's license which featured [petitioner's] picture and information on it. Additionally, while at the home serving the search warrant, Officer McCain noticed [petitioner] had surveillance equipment such as cameras attached to the house and in a tree in the yard as well as a monitor inside the residence. Officer McCain testified that based on all the evidence discovered at [petitioner's] residence, it was clear that drugs were being distributed from that location.

After examining the contents of the lock box, Officer McCain informed [petitioner] of his *Miranda* n.4 rights, [petitioner] waived those rights, and agreed to speak with Officer McCain.

> n.4 *Miranda v. Arizona*, 384 U.S. 436, 455, 86 S. Ct.

-2-

> 1602, 16 L. Ed. 2d 694 (1966).
>
> Among other things, [petitioner] admitted to Officer McCain that he and Lela Jackson ("Ms. Jackson") shared the bedroom where the controlled substances, paraphernalia, and firearm were located. n.5
>
>> n.5 In addition to the items already noted, the safe also contained some paperwork belonging to Ms. Jackson and the keychain upon which the key to the safe was located also contained some keys belonging to Ms. Jackson.
>
> Officer McCain then placed [petitioner] under arrest and he was charged with the crimes set out above.
>
> Prior to trial, [petitioner] filed a motion to suppress any statements he made to the police because his statements "were not voluntary;" were "made without [petitioner] first being advised of his constitutional rights;" and "[a]ny alleged statements are the result of an unlawful arrest. . . ." This motion was overruled by the trial court following a hearing.
>
> A bench trial was held on July 18, 2007. At the close of all the evidence, the trial court convicted [petitioner] of [one count of the Class A felony of drug trafficking in the second degree; one count of the Class B felony of possession of cocaine with intent to distribute; and one count of the Class B felony of possession of marijuana with intent to distribute] and he was sentenced to three concurrent sentences of twenty-five years in prison.

(Respondent's Exhibit E, pp. 1-4).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and

convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

### GROUND 1

In ground 1, petitioner contends that trial counsel was ineffective for failing to properly object and preserve an issue for appeal when, at trial, counsel failed to object regarding Officer McCain's testimony about petitioner's pre-Miranda statements to him. In order to succeed on a claim of ineffective assistance of counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by counsel's action in that there is a reasonably probability that, but for counsel's unprofessional acts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Respondent correctly contends that, because this ground is petitioner's re-assertion of a claim

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-4-

that he raised in his Rule 29.15 motion but not on appeal from the denial of that motion, petitioner's claim is procedurally defaulted.[2] However, on appeal from the denial of his Mo. Sup. Ct. Rule 29.15 Motion, the Missouri Court of Appeals disposed of both versions of petitioner's claim on the merits as follows:

> On July 31, 2006, [petitioner] filed a motion to suppress statements "concerning any oral, written or recorded statements" he allegedly made to "law enforcement agents" as his statements "were not voluntary"; were "made without [petitioner] first being advised of his constitutional rights"; and "[a]ny alleged statements [were] the result of an unlawful arrest...." This included any statements [petitioner] made to Officer McCain regarding the identification of the safe key. Following a hearing, the trial court overruled [petitioner's] motion.
>
> At [petitioner's] bench trial on July 18, 2007, Officer McCain testified to the specific conversation he had with [petitioner] regarding the identification of the safe key. Officer McCain testified that after a safe had been located in [petitioner's] bedroom, he "went into the kitchen, and there was a set of keys on the table in front of [petitioner]" and "[o]ne key appeared to be a safe key." Officer McCain asked [petitioner] if it "was a safe key" and [petitioner] responded "yes." Officer McCain then used the key to open the safe. Trial counsel did not object to the question or answer. Later, on redirect and recross examination, Officer McCain testified as follows:
>
> ### *Redirect Examination*
>
> Q. When you found the key to open the safe, who pointed you to that key? Who told you which key opened the safe?
>
> A. I asked [petitioner] if the – I observed the key and asked [petitioner] if it opened the safe.

---

[2] Because petitioner does not allege ineffective assistance of post-conviction counsel as cause for his procedural default, Martinez v. Ryan, 132 S. Ct. 1309 (2012) does not apply. If petitioner is claiming that the Supreme Court's holding in Martinez allows him to re-assert a claim that he raised in his Rule 29.15 motion but not on appeal from the denial of that motion by framing the claim as the fault of his post-conviction relief counsel, "*Martinez* offers no support... for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." Arnold v. Dormire, 2012 WL 1082308 (8th Cir. 2012).

-5-

> Q. And he indicated that it did?
>
> A. Yes.
>
> [Prosecutor]: I don't have any further questions, Your Honor.
>
> ### *Recross Examination by Trial Counsel*
>
> Q. Was this prior to Miranda?
>
> A. Yes.

Trial counsel then promptly objected and requested that Officer McCain's prior answer be stricken because [petitioner's] statement was made "without Miranda." After determining that the objection had been covered in the pre-trial motion to suppress, the motion court overruled the objection.

On direct appeal to this Court, [petitioner] asserted that the trial court erred in overruling his motion to suppress his statement to Officer McCain relating to his identification of the safe key. ***Brandon***, 270 S.W.3d at 458. This Court affirmed [petitioner's] convictions and sentence because [petitioner] failed to preserve the issue for appeal by a timely objection. ***Id.*** at 458-459.

On December 22, 2008, [petitioner] filed a *pro se* Rule 29.15 motion for post-conviction relief and was appointed defense counsel. Defense counsel requested an evidentiary hearing, and filed a "Statement in Lieu of Amended Motion Under Rule 29.15" asserting that "all facts supporting the claims are asserted in the [*pro se*] motion and all claims known to [petitioner] are alleged in the [*pro se*] motion." In his *pro se* motion, [petitioner] raised five separate claims, including a claim that he received ineffective assistance of counsel at trial. [Petitioner] based his claim of ineffective assistance of trial counsel on his allegation that his "[t]rial attorney failed to preserve issues related to a statement [petitioner] made to officer Mccain [sic] for Appeal Courts [sic] review" by failing to object during Officer McCain's "direct examination testimony relating to [petitioner's] identification of the Safe Key." n.4

> n.4 [Petitioner's] *pro se* motion was handwritten and we have attempted to accurately quote its contents as best we can discern, including punctuation and

-6-

capitalization.

[Petitioner] further asserted that "[t]rial counsler [sic] demonstrated ineffective assistance when he failed to object when the evidence was offered at trial to preserve the issue for appellate review[,]" and "[s]ince Trial counsler [sic] did not preserve this issue, resulted in manifest prejudice affecting [petitioner's] substantial rights, for Appellant review, thereby constituting a miscarriage of justice." (Underscore in original text).

On April 29, 2010, an evidentiary hearing was held on [petitioner's] claim of ineffective assistance of trial counsel, and a separate claim of ineffective assistance of appellate counsel. [Petitioner] and his trial counsel testified at the hearing. On direct examination, trial counsel testified as follows:

> Q. Was it your intent to not preserve the suppression issue by not objecting at all necessary times at trial?
>
> A. On the statement about the key?
>
> Q. Yes.
>
> A. It was not my conscious intent to give that up.

On cross examination, trial counsel further testified:

> Q. And what was your trial strategy during this case?
>
> A. Preserve suppression of the evidence, suppression of the statements. . . .

On January 10, 2011, the motion court entered its "Findings of Fact, Conclusions of Law, and Judgment" denying [petitioner's] motion, and specifically denying his claim of ineffective assistance of trial counsel on the basis it was "not a proper cognizable claim for ineffectiveness." The motion court further found:

> Moreover, [petitioner] did not prove that his counsel's alleged failure to object denied him a fair trial. [Petitioner's trial counsel did file a motion to suppress statements and asked that it be renewed throughout

>               the trial. While not on [Officer McCain's] direct
>               examination, the record shows that once [petitioner's]
>               trial counsel asked on recross-examination about the
>               statements being made prior to *Miranda*[,] he
>               objected. The Court overruled his objection at that
>               time. Thus, nothing shows that the outcome of the
>               trial would have been different.

This appeal followed.

In his single point relied on, and argument in this appeal, [petitioner] frames his claim as allegations that his trial counsel was ineffective because trial counsel failed to object to improper testimony (i.e., Officer McCain's testimony about [petitioner's] "identification of the safe key") that, if properly objected to, would have been excluded from trial and its exclusion would have created a reasonable probability [petitioner] would have been acquitted. [Petitioner's] claim on appeal is a different claim than the claim he raised in his post-conviction relief motion that trial counsel was ineffective in failing to preserve properly an issue for appeal, and on which the motion court heard evidence.

The issues for determination are: (1) whether [petitioner's] claim is a new claim raised for the first time in this appeal, (2) whether [petitioner's] claim actually asserted before the motion court is cognizable in a post-conviction relief proceeding, and (3) whether either claimed error prejudiced [petitioner]

## Standard of Review

We review a motion court's denial of a post-conviction relief motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous. ***Forrest v. State***, 290 S.W.3d 704, 708 (Mo. banc 2009) (citing Rule 29.15(k)). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. ***Id.*** A post-conviction relief ruling is presumed correct, and [petitioner] had the burden of proving his grounds for relief by a preponderance of the evidence. ***Id.***; Rule 29.15(i)).

We view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment. ***O'Shea v. State***, 288 S.W.3d 805, 807

(Mo. App. S.D. 2009); *see also* **Storey v. State**, 175 S.W.3d 116, 125 (Mo. banc 2005). We also defer to the motion court's credibility determinations. **O'Shea**, 288 S.W.3d at 807.

### Analysis

To establish ineffective assistance of trial counsel, a movant must show (1) that trial counsel's representation fell below an objective standard of reasonableness, n.5 and (2) that, but for trial counsel's unprofessional errors, there is a reasonable probability the result of the proceeding would have been different.

> n.5 An objective standard of reasonableness requires counsel to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances. **Childress v. State**, 248 S.W.3d 653, 654 (Mo. App. S.D. 2008).

"'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" **Moss v. State**, 10 S.W.3d 508, 511 (Mo. banc 2000) (quoting **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 2068 80 L. Ed. 2d 674 (1984)). "'Simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, [a movant] must show that, absent the error, there is a reasonable probability that he would have been found not guilty.'" **Williams v. State**, 205 S.W.3d 300, 305 (Mo. App. W.D. 2006) (quoting **Johnson v. State**, 189 S.W.3d 640, 645 (Mo. App. W.D. 2006)).

In addition, ineffective assistance of trial counsel is "rarely found" based on trial counsel's failure to object, and a failure to object will only be deemed ineffective assistance of trial counsel "'when the defendant has suffered a substantial deprivation of his right to a fair trial.'" *Id.* (quoting **Worthington v. State**, 166 S.W.3d 566, 581 (Mo. banc 2005)).

As previously noted, [petitioner] frames his single claim in this appeal as a claim that his trial counsel was ineffective because counsel failed to object to improper testimony (i.e., Officer McCain's testimony about [petitioner's] "identification of the safe key") that, if properly objected to, would have been excluded from trial and its exclusion would have created a reasonable probability that [petitioner] would have been acquitted. This claim is a different claim than the claim he raised in his post-conviction relief motion

and on which the motion court heard evidence. In his post-conviction relief motion and hearing, [petitioner] alleged only that trial counsel was ineffective in failing to preserve properly an issue for appeal.

Claims not presented to the motion court cannot be raised for the first time on appeal, and we decline to address [petitioner's] claim raised for the first time in this appeal. ***Christeson v. State***, 131 S.W.3d 796, 800 n.7 (Mo. banc 2004). We suspect the reason [petitioner] reframed his claim on appeal is that the claim he actually asserted before the motion court – i.e., that trial counsel was ineffective in failing to preserve properly an issue for appeal– is, as the motion court found, not a cognizable ground for granting post-conviction relief because it does not allege that trial counsel's failure to raise a meritorious objection denied [petitioner] a fair trial. ***Dickerson v. State***, 269 S.W.3d 889, 893 n.3 (Mo. banc 2008).

We further note that [petitioner] fails to show prejudice from either claim of ineffective assistance: the claim raised for the first time here, or the claim actually asserted before the motion court. The trial court overruled trial counsel's objection to the admission of Officer McCain's testimony about [petitioner's] identification of the safe key on two separate occasions: the first when it denied [petitioner's] pre-trial motion to suppress, and the second on recross examination at trial. There is no reasonable probability that the trial court would have ruled the same objection differently if the objection had been made at an earlier point in the trial.

Furthermore, the other uncontradicted evidence against [petitioner] at trial was strong. [Petitioner] admitted that he shared the bedroom where the drug-related items and safe were found, a key that opened a safe was found on a key ring lying on the kitchen table, an identification card for [petitioner] was found in the locked safe, and [petitioner] had $451 cash on his person. There is no reasonable probability that the trial court would have acquitted [petitioner] even if trial counsel had objected and the trial court had excluded from evidence Officer McCain's testimony about [petitioner's] identification of the safe key, and [petitioner] did not suffer a substantial deprivation of his right to a fair trial.

We are not left with a firm and definite impression that a mistake was made. [Petitioner's] count is denied, and the motion court's judgment is affirmed.

(Respondent's Exhibit I, pp. 3-10).

The resolution of ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[3] Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 1 is denied.

## GROUND 2

In ground 2, petitioner contends that the State if Missouri denied petitioner his right to a speedy trial.

Claims regarding state speedy trial law are not cognizable in federal habeas corpus without a separate showing that the Sixth Amendment speedy trial laws have been violated. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), cert. denied, 514 U.S. 1024 (1995). In determining whether a Sixth Amendment violation occurred, this Court reviews petitioner's claim under the standard established in Barker v. Wingo, 407 U.S. 514 (1972), which requires a court to consider the length of the delay, the reason for the delay, whether petitioner asserted his right to a speedy trial, and whether petitioner was prejudiced by the delay. Before a Sixth Amendment claim is evaluated on its merits, however, it must

---

[3]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

-11-

first be determined that it has not been procedurally defaulted.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the possibility of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

The record reveals that petitioner raised this ground in his original Rule 29.15 pro se motion, but not in his appeal from the denial of that motion. It is apparent, therefore, that petitioner's claim of a Sixth Amendment speedy trial violation is procedurally defaulted. Petitioner has failed to demonstrate "cause" to excuse his procedural default. Nor has he demonstrated that it is more likely than not that no reasonable juror would have convicted him in light of new reliable evidence of his actual innocence which was not presented at trial. Schlup v. Delo, 513 U.S. 298, 326-27 (1995). Therefore, review of petitioner's claim of a Sixth Amendment violation of his right to a speedy trial is not required to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495.

Ground 2 is denied.

## GROUND 3

In ground 3, petitioner contends that the State court fact-finding is clearly wrong and unsupported by the record and that he was denied a full and fair opportunity to litigate his claims because the state court erroneously determined that he did not receive ineffective assistance of

-12-

counsel. Respondent correctly contends that petitioner's claim is not cognizable in a federal habeas corpus petition.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. at 432. Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d at 1540. It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1). Because petitioner fails to assert clear and convincing evidence that the state court findings are erroneous and because the state court's findings have fair support in the record, the Court must defer to and adopt the factual findings of the state court.

Ground 3 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

                                                  */s/ Richard E. Dorr*
                                                  RICHARD E. DORR
                                                  UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: July 2, 2012.